UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD RUDOLPH STOCK,<br><br>     Petitioner,<br> v.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>     Respondents. | CV 14-25-H-DLC-JTJ<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to this Court's February 9, 2016 Order (Doc. 17), the parties hereby submit this Stipulated Protective Order for the Court's approval. Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), this Court enters the following Protective Order regarding: (1) testimony at deposition or at any evidentiary hearing in this matter from Petitioner Donald Stock's state trial counsel, Chad Wright; and (2) documents and materials derived from Wright's files that Stock provides to the Respondents Martin Frink and the Attorney General of the State of Montana (the State) in this habeas action.

1

1. On February 9, 2016, the Court authorized the deposition of Wright about Claims 2(e) and 2(g) in Stock's habeas petition regarding ineffective assistance of trial counsel (IAC). The State requests to review Wright's file regarding his representation of Stock. Stock acknowledges that he has waived the attorney-client privilege by claiming that Wright was ineffective for failing to obtain a DNA expert and failing to obtain a medical expert. Stock maintains, however, that his waiver is limited to only those communications that are relevant to his IAC claims.

2. The State's request to review Wright's file regarding his representation of Stock is granted.

3. Wright's duty of confidentiality to Stock is waived for the sole purpose of the habeas proceeding in this case. There is no legal or ethical foundation for any disciplinary action or tort complaint against Wright for breaching the duty of confidentiality in these habeas corpus proceedings.

4. Any testimony adduced at any deposition or evidentiary hearing in this case by any witness addressing material subject to this order shall be subject to the limitations on use contained in this Protective Order.[1] To the extent that Wright's file, including the files of other defense team members, is produced to the

---

[1] Materials and testimony subject to privilege and/or subject to the attorney work product doctrine will be referred to collectively as "privileged" materials.

State during this habeas corpus proceeding, such discovery shall be subject to this Protective Order, shall remain confidential, and shall not be disclosed except pursuant to the terms of this Order. Documents that Stock contends are privileged shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the documents.

5. All privileged materials produced to the State in this action, and any deposition and in-court testimony that addresses privileged material, may be used only for purposes of litigating this habeas corpus proceeding by: (a) Stock and members of the legal team he has retained, i.e., lawyers, paralegals, investigators, and support staff in *Stock v. Frink*; and (b) the State and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff assigned to *Stock v. Frink*, by the Montana Department of Justice, Attorney General's Office, and persons the State's counsel have retained to litigate this matter, including, but not limited to outside investigators, consultants, and expert witnesses. All such individuals shall be provided with a copy of this Protective Order.

6. Except for disclosure to the persons and agencies described in Paragraph 5 for purposes of litigating the habeas corpus action, disclosure of the contents of privileged materials and testimony, and the materials and testimony themselves, shall not be made to any other person or agencies, including, but not

limited to, prosecutorial agencies and law enforcement personnel, without an order of the Court.

7. Pleadings, documents, or other exhibits previously filed in this habeas proceeding, which may reveal the contents of privileged materials subject to this Protective Order, are not to be filed under seal. However, the State shall be precluded from using against Stock in any future state proceeding, including a retrial, any privileged communications or materials or information contained therein, including testimony relating to the same.

8. Stock's disclosure of documents from trial counsel's file in this action, and any related testimony by a witness at a deposition or evidentiary hearing in this case, does not constitute a waiver of Stock's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

9. Nothing in this Protective Order is intended to apply to materials or information never subject to attorney-client or work product privileges in the first place.

10. This Order shall continue in effect after conclusion of the habeas corpus proceedings and shall apply in the event of a retrial or any portion or all of Stock's criminal case. Any modification or vacation of this order shall be made only upon notice to both parties and an opportunity for both parties to be heard.

Presented by:

    */s/ Tammy K Plubell*
    TAMMY K. PLUBELL
    Assistant Attorney General
    Counsel for Respondents

    */s/ Todd Maybrown*
    TODD MAYBROWN
    Counsel for Plaintiff

**IT IS SO ORDERED**.

Dated April 21, 2016        /s/ John Johnston
                                      United States Magistrate Judge